LOCAL UNION NO. 831 OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (AFL–CIO)

v.

STONE & WEBSTER ENGINEERING CORPORATION.

No. 7047.

United States District Court
W. D. Louisiana,
Lake Charles Division.

Aug. 1, 1958.

2. See Collier on Bankruptcy (14th Ed., 1956), Section 1.10, pp. 66–70, and specifically note 22, "Applicability of the Bankruptcy Act in the Virgin Islands", cited to the text at p. 67.

3. As to the origin of the term "court of bankruptcy" see Collier, op. cit. supra, at p. 68. See Williams v. Austrian, 1947, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718. Cf. Lathrop v. Drake, 1875, 91 U.S. 516, 23 L.Ed. 414.

Dodd, Hirsch, Barker & Meunier, New Orleans, La., for plaintiff.

Plauche & Stockwell, Lake Charles, La., for defendant.

HUNTER, District Judge.

Petitioner (Local Union No. 861 of the International Brotherhood of Electrical Workers (AFL-CIO) brought suit under Section 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185, seeking declaratory and injunctive relief for the defendant's alleged breach of a collective bargaining agreement. Petitioner alleges that defendant stopped work in violation of its contract and requests this court to issue a mandatory injunction directing Stone and Webster to rehire a specific number of its members.

To the complaint defendant filed a motion to dismiss on several grounds, including that of lack of jurisdiction, and a motion for summary judgment. The motions were argued orally in open court on July 22, 1958.

 Considering pleadings, the affidavits and attachments thereto, and considering the oral argument on July 22, 1958, and the legal memorandum furnished the Court, the Court finds as a fact that a labor dispute existed within the meaning of the Norris-LaGuardia Act, 29 U.S.C.A. § 113.

 The parties disagree as to many aspects of the case and as to whether or not the alleged lock-out constituted a breach of the agreement. We do not decide this issue because we hold, in any event, that this Court has no jurisdiction to grant injunctive relief here.

Section 301 of the Taft-Hartley Act does not specifically provide for injunctive relief in suits based on alleged breach of labor contracts. It is true that the United States Supreme Court, in the recent case of Textile Workers Union of America v. Lincoln Mills of

Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, upheld the right of a Federal District Court (under authority of Section 301 of the Taft-Hartley Act) to order parties to a collective bargaining agreement to arbitrate where the contract so provided. However, that case does not say that Section 301 authorizes federal courts to issue injunctions when that remedy is clearly prohibited by the Norris-LaGuardia Act. A. H. Bull Steamship Company v. Seafarers' International Union of America, etc., 2 Cir., 250 F.2d 326.

In Bull, the Company sought to enjoin a Union and its members from continuing a strike or, in effect, *withholding their services*. The Lower Court granted the injunctive relief sought. The U. S. Second Circuit Court of Appeals reversed the Lower Court saying that the injunction ran into the very teeth of the Norris-LaGuardia Act (29 U.S.C.A. §§ 101–115). For the time being, the Supreme Court has accepted this decision since it refused to grant writs in January of this year.

The Norris-LaGuardia Act (29 U.S. C.A. Section 104) specifically deprives federal courts of jurisdiction to issue injunctions (in any case involving or growing out of a labor dispute) to prohibit any person or persons participating or interested in such dispute from "ceasing or refusing to perform any work or to remain in any relation of employment."

That part of the foregoing quote— "ceasing or refusing to perform any work"—was the situation in the Bull case. The second part of the quote and the corollary of the first—"or to remain in any relation of employment"—refers to the instant situation where the Union is attempting to force the employer to continue the employment relationship.

If the Court has the right to grant the injunctive relief sought herein by the Union in this case, which the Court does not feel that it has under the law, it follows that the Court would have the right to grant injunctive relief to a Company where its employees struck in breach of a labor contract and the employer sought to have the Court order the men to return to work.

█ Labor injunctions in peaceful labor disputes were at one time and still would be a tremendous deterrent to the objectives and ambitions of the labor movement in this country and it was to correct this situation that the Norris-LaGuardia Act was passed. Here the shoe is on the other foot and the "Union, like any other combatant engaged in a particular fight, is ready to make an ally of an old enemy".[1] Be that as it may, the mandate of Section 4 of the Norris-LaGuardia Act has been an expression of national policy for many years. If this policy is to be changed, it should be changed by Congress and not by the judiciary.

Congress has conferred upon federal district courts jurisdiction to hear and determine suits for violation of contracts between an employer and a labor organization, and to award damages against the party breaching the contract (Section 301 of the Labor Management Relations Act—29 U.S.C.A. § 185). If plaintiff has been aggrieved, the proper remedy is to sue for damages.

For reasons herein assigned, defendant's motion to dismiss the action should be granted for lack of jurisdiction to award the relief sought. It is—and the action is dismissed accordingly. No other formal decree is required. It is further ordered that the judgment of dismissal shall not constitute an adjudication upon the merits.

---

1. Justice Frankfurter's dissent in Lincoln Mills, supra [353 U.S. 448, 77 S.Ct. 924].